IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| KARMELITA PLAINS BULL MARTIN,<br><br>Plaintiff,<br><br>vs.<br><br>CROW NATION EXECUTIVE BRANCH OFFICERS, et al.,<br><br>Defendants. | Cause No.  CV 10-00017-BLG-RFC-CSO<br><br><br>FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DENY MOTION TO PROCEED IN FORMA PAUPERIS AND TO DISMISS COMPLAINT |
|---|---|

This matter comes before the Court on Plaintiff Karmelita Plains Bull Martin's Motion to Proceed In Forma Pauperis (Court Doc. 1) and proposed Complaint (Court Doc. 2).

I. MOTION TO PROCEED IN FORMA PAUPERIS

Permission to proceed in forma pauperis is discretionary with the Court.  See 28 U.S.C. § 1915(a).  "A district court may deny leave to

proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." Tripati v. First Nat'l Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987).

A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of their "entitlement to relief." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007) (quotation omitted). This requirement demands "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. 544. A complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007)(quoting Bell, 127 S.Ct. at 1964 (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957))).

## II. STATEMENT OF THE CASE

### A. Parties

Plains Bull Martin is a resident of Hardin, Montana. The named Defendants are Crow Nation Executive Branch Officers: Chairman, Vice Chairman, Secretary Scott Russell, and Vice Secretary Darrin Old Couple. In the body of the Complaint, Cedric Black Eagle and Coolidge Jefferson are also referred to as Defendants.

### B. Allegations

Plains Bull Martin states in Count I: "According to the alleged 2001's Crow Nation's constitutional challenge not being legally ratified, there is no gov't in Crow Nation since 2001 and pending Crow Nation litigation 2010." The date of the incident is listed as September 2001.

In her request for relief, Plains Bull Martin requests the Court "to restore the Crow Nation's original inherent sovereign gov't." Court Doc. 2 at 6.

III. <u>ANALYSIS</u>

The vagueness of Plains Bull Martin's Complaint has made it difficult to pinpoint the exact nature of Plains Bull Martin's claims. Regardless, because the only named defendants are tribal officers, the Complaint fails to state a federal claim for relief.

Plains Bull Martin cannot establish that the named tribal officers acted under color of state law," as is required to state a claim under § 1983.  "[N]o action under 42 U.S.C. § 1983 can be maintained in federal court for persons alleging deprivation of constitutional rights under color of tribal law."  R.J. Williams Co. v. Fort Belknap Hous. Auth., 719 F.2d 979, 982 (9th Cir. 1983).

In addition, "Indian tribes are neither states, nor part of the federal government, nor subdivisions of either."  N.L.R.B. v. Pueblo of San Juan, 276 F.3d 1186, 1192 (10th Cir. 2002) (en banc).  Unless Congress authorizes the suit or sovereign immunity has been waived, Indian tribes, tribal entities, and persons acting on tribes' behalf in an official capacity enjoy sovereign immunity against suit.  Kiowa Tribe of

Okla. v. Mfg. Techs., Inc., 523 U.S. 751, 754, 118 S.Ct. 1700, 140 L.Ed.2d 981 (1998) (tribe); Allen v. Gold Country Casino, 464 F.3d 1044, 1046 (9th Cir. 2006) (tribal entity), Hardin v. White Mountain Apache Tribe, 779 F.2d 476, 479-80 (9th Cir. 1985) (tribal officials). "Absent congressional abrogation or explicit waiver, sovereign immunity bars suit against an Indian tribe in federal court." Burlington Northern & Santa Fe Ry. Co. v. Vaughn, 509 F.3d 1085, 1091 (9th Cir. 2007) (citing Kiowa Tribe of Okla. v. Mfg. Techs., Inc., 523 U.S. 751, 754, 118 S.Ct. 1700, 140 L.Ed.2d 981 (1998)).  "This immunity protects tribal officials acting within the scope of their valid authority." Id. (citing Hardin v. White Mountain Apache Tribe, 779 F.2d 476, 479-80 (9th Cir. 1985)).  Thus, Plains Bull Martin's claims are barred by the doctrine of sovereign immunity.

IV.  CONCLUSION

    For the reasons set forth above, Plains Bull Martin has failed to state a federal claim for relief and the Complaint is without merit.  The defects set forth above could not be cured by the allegation of other

facts.  As such, the motion to proceed in forma pauperis should be denied and this matter dismissed.

    A.  <u>Certification Regarding Appeal</u>

The Federal Rules of Appellate Procedure provide as follows:

> [A] party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
> > (A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding;

Fed.R.App.P. 24(a)(3)(A).

    Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."  The good faith standard is an objective one.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A plaintiff satisfies the "good faith" requirement if he or she seeks review of any issue that is "not frivolous."  Gardner v. Pogue, 558 F.2d 548, 551 (9th Cir. 1977) (quoting Coppedge, 369 U.S. at 445).  For purposes of section

1915, an appeal is frivolous if it lacks any arguable basis in law or fact. Neitzke, 490 U.S. at 325, 327; Franklin v. Murphy, 745 F.2d 1221, 1225 (9th Cir. 1984).  "[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit."  Walker v. O'Brien, 216 F.3d 626, 631 (9th Cir. 2000).

Plains Bull Martin's failure to state a federal claim is so clear no reasonable person could suppose an appeal would have merit.  Therefore, the Court should certify that any appeal of this matter would not be taken in good faith.

B.  <u>Address Changes</u>

At all times during the pendency of these actions, Plains Bull Martin SHALL IMMEDIATELY ADVISE the Court of any change of address and its effective date.  Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS."  The notice shall contain only information pertaining to the change of address and its effective date.  The notice shall not include any motions for any other relief.  Failure to

file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Based upon the foregoing, the Court issues the following:

RECOMMENDATION

1.  Plains Bull Martin's Motion to Proceed in forma pauperis should be DENIED and this matter DISMISSED for failure to state a federal claim.

2.  The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3.  The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Fed.R.App.P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith.  The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Plains Bull Martin may serve and file written objections to this Findings and Recommendation within fourteen days of the date entered as indicated on the Notice of Electronic Filing.  Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendation."

A district judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendation.  Failure to timely file written objections may bar a de novo determination by the district judge and may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

This Order is not immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a)(1), should not be filed until entry of the District Court's final judgment.

FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DENY MOTION TO PROCEED IN FORMA PAUPERIS AND TO DISMISS COMPLAINT– CV 09-00116-BLG-RFC-CSO / PAGE 9

DATED this <u>8th</u> day of March, 2010.

                                  <u>/s/ *Carolyn S. Ostby*</u>
                                  Carolyn S. Ostby
                                  United States Magistrate Judge